### HENSEL, BRUCKMANN & LORBACHER v. UNITED STATES.

(Circuit Court, S. D. New York. November 12, 1903.)

#### No. 3,178.

**1 CUSTOMS DUTIES—CLASSIFICATION—PRINTING PAPER.**

*Held,* that the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 396, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1671], for "printing paper * * * suitable for books and newspapers," is not limited to such paper as is suitable for printing both books and newspapers, and

that certain paper used for printing covers of booklets, pamphlets, and the like, but not suitable for printing newspapers, is properly classifiable for duty under said provision, rather than under paragraph 402 of said act (30 Stat. 189 [U. S. Comp. St. 1901, p. 1672]), covering "all other paper not specially provided for."

Appeal from a Decision of the Board of General Appraisers, which Affirmed the Assessment of Duty by the Collector of Customs at the Port of New York.

Albert Comstock, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question is paper. It appears from the evidence that it is one of the articles known by the paper trade under the general term "printing paper," and that its habitual use is for the printed covers of booklets, pamphlets, and the like. It was assessed for duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 402, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672], as paper not specially provided for, 25 per centum ad valorem. The importers protested, claiming that it was only dutiable under paragraph 396 of said act (30 Stat. 187 [U. S. Comp. St. 1901, p. 1671]) as printing paper suitable for books and newspapers, according to its value. The Board of Appraisers held that paragraph 396 provided only for printing paper suitable both for books and newspapers, and that, as this was not suitable for newspapers, it could not fall within said designation. This opinion seems to be based upon an erroneous interpretation of the paragraph, which must be read as applicable to printing paper suitable either for books or for newspapers.

The decision of the Board of General Appraisers is reversed.